UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTOINE RAYNEZ WILLIAMS,

        Petitioner,

    v.                          CASE NO. 2:19-cv-12489

WARDEN CATHERINE BAUMAN,     HON. GEORGE CARAM STEEH

        Respondent.

_____/

### OPINION AND ORDER (1) DENYING PETITIONER'S REQUEST TO HOLD HIS PETITION IN ABEYANCE AND (2) DISMISSING THE PETITION WITHOUT PREJUDICE

    This matter came before the Court on petitioner Antoine Raynez Williams' pro se petition for the writ of habeas corpus under 28 U.S.C. § 2254 and petitioner's request to hold his petition in abeyance pending exhaustion of state remedies. Because the one-year statute of limitations for habeas petitions does not appear to be a problem, the Court is denying petitioner's request for a stay and dismissing his petition without prejudice.

### I. Background

    Following a jury trial in 2017, petitioner was convicted of armed robbery and felony firearm. The trial court sentenced petitioner to prison for twenty-five to forty years for the robbery conviction and two years for the felony-firearm conviction. (Pet., ECF No. 1, PageID. 1.) Petitioner alleges

that he did not appeal the judgment of conviction to the Michigan Court of Appeals. (Pet., PageID. 2.) The Court, however, takes judicial notice that petitioner appealed his sentence on the basis that the trial court erroneously assessed ten points for offense variable fourteen of the Michigan sentencing guidelines. See People v. Williams, No. 339770, 2019 WL 97150 (Mich. Ct. App. Jan. 3, 2019) (unpublished).

Petitioner alleges that he raised the following three claims in the Michigan Supreme Court: (1) the trial court abused its discretion and clearly erred when assessing ten points; (2) he was denied counsel at a critical stage; and (3) he is unlawfully imprisoned in violation of the Fourteenth Amendment. (Pet., PageID. 2-3.) The Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. See People v. Williams, 503 Mich. 1038; 927 N.W.2d 252 (2019) (table decision).

Petitioner filed his habeas corpus petition on August 23, 2019. His grounds for relief are: (1) the trial court abused its discretion and clearly erred in assessing ten points for offense variable four;[1] (2) he was illegally

---

[1] Petitioner apparently made a clerical mistake when he typed "four," because the state appellate court's decision indicates that the offense variable in question was fourteen, which is the offender's role in a criminal transaction. See Williams, 2019 WL 97150, at *1 -*2; see also Mich. Comp. Laws § 777.44(1) (indicating that offense variable fourteen is the offender's role in a multiple-offender situation). Offense variable four, in contrast, is psychological injury to a victim. See Mich. Comp. Laws § 777.34.

arraigned in state district court without the benefit of counsel; and (3) he is incarcerated in violation of his constitutional right to due process because Mich. Comp. Laws § 769.12(1)(a) (the habitual-offender statute) was violated. (Pet., PageID. 5, 7, 8.)

On September 16, 2019, petitioner filed a request to hold his habeas petition in abeyance. He claims to have several new issues that are based on newly-discovered evidence and that have not yet been addressed by the state courts. He wants the Court to hold his petition in abeyance while he exhausts state remedies for his new claims. (Request, ECF No. 4, PageID. 26-28.)

## II. Discussion

The doctrine of exhaustion of state remedies requires state prisoners to give the state courts an opportunity to act on their claims before they present their claims to a federal court in a habeas corpus petition. See 28 U.S.C. § 2254(b)(1), (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court "when that review is part of the ordinary appellate review procedure in the State." O'Sullivan, 526 U.S. at 845, 847. Thus, to properly exhaust state remedies, a prisoner must

fairly present the factual and legal basis for each of his claims to the state court of appeals and to the state supreme court before raising the claims in a federal habeas corpus petition. <u>Wagner v. Smith</u>, 581 F.3d 410, 414-15 (6th Cir. 2009). A federal district court ordinarily must dismiss a petition containing any unexhausted claims. <u>Rose v. Lundy</u>, 455 U.S. 509, 510, 522 (1982).

Petitioner apparently exhausted state remedies for his first claim regarding of the scoring of offense variable fourteen by raising that claim in the Michigan Court of Appeals and in the Michigan Supreme Court. But he appears to be alleging that he raised his second and third claims only in the Michigan Supreme Court. <u>See</u> Pet., ECF No. 1, PageID. 7, 9. The Michigan Court of Appeals, in fact, did not address petitioner's second and third habeas claims in its dispositive decision. Even if petitioner raised all his current claims in both state appellate courts, he wants a stay so that he can raise several more claims in state court before presenting the new claims to this Court.

The dismissal of a habeas petition while a petitioner pursues state remedies for unexhausted claims can result in a subsequently filed petition being barred by the statute of limitations found in 28 U.S.C. § 2244(d). The

Supreme Court, therefore, has approved a stay-and-abeyance procedure which permits a district court to hold a habeas petition in abeyance while the petitioner returns to state court to exhaust state remedies for previously unexhausted claims. See Rhines v. Weber, 544 U.S. 269, 275-79 (2005).

In the present case, however, the statute of limitations does not appear to pose a problem because the Michigan Supreme Court denied leave to appeal on May 28, 2019. See Williams, 503 Mich. 1038; 927 N.W.2d 252. Petitioner had ninety days from that date to file a petition for writ of certiorari in the United States Supreme Court. See Sup. Ct. R. 13.1. Because he did not file a petition for certiorari in the United States Supreme Court, see Pet., PageID. 3, his convictions became final on August 26, 2019, when the deadline for seeking a writ of certiorari expired. See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (stating that for petitioners who do not pursue direct review all the way to the Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires").

Petitioner filed his habeas petition before the statute of limitations began to run, and even if the Court dismisses the petition now, the statute

of limitations has run only a few months,[2] and it will be tolled if petitioner

promptly files a proper motion for relief from judgment in state court.  28

U.S.C. § 2244(d)(2).  Although the statute of limitations is likely to resume

running at the conclusion of state post-conviction proceedings, petitioner

should be able to return to this Court after exhausting state remedies

without running afoul of the statute of limitations.  Accordingly, a stay is

unnecessary.

The Court DENIES petitioner's request to hold his habeas petition in

abeyance (ECF No. 4) and DISMISSES the petition (ECF No. 1) without

prejudice.   Petitioner may move to re-open this case and file an amended

petition for the writ of habeas corpus after he exhausts state remedies for

all his claims.

Dated:  November 19, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

-----

[2]  The statute of limitations generally is not tolled during the pendency of a first federal habeas corpus petition.  Duncan v. Walker, 533 U.S. 167, 181–82 (2001).

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 19, 2019, by electronic and/or ordinary mail and
also on Antoine Raynez Williams #775862, Alger Maximum
Correctional Facility, N6141 Industrial Park Drive,
Munising, MI 49862.


s/Barbara Radke
Deputy Clerk